IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFANIE MCCAFFREY | : | CIVIL ACTION |
| | : | NO. 17-460 |
| v. | : | |
| | : | |
| WINDSOR AT WINDERMERE | : | |
| LIMITED PARTNERSHIP, et al. | : | |

O'NEILL, J.  May 8, 2017

## **MEMORANDUM**

Defendants Windsor at Windermere Limited Partnership (WWLP), Windsor at Windermere Investors Corporation (WWIC) and Windsor Communities (collectively, moving defendants) move to dismiss plaintiff Stepfanie McCaffrey's amended complaint for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Now before me are moving defendants' motion and supporting memorandum of law (Dkt. No. 5), plaintiff's opposition and supporting memorandum of law (Dkt. No. 6) and moving defendants' reply (Dkt. No. 7). For the reasons that follow, I will grant defendants' motion.

## **BACKGROUND**

### **I.  The Parties**

Plaintiff initiated this action by filing her complaint in the Court of Common Pleas of Chester County, Pennsylvania on October 6, 2016. See Dkt. No. 5 at ECF p. 2-3. On November 28, 2016, plaintiff filed a praecipe to reinstate her complaint and, on December 15, 2016, she filed an amended complaint naming WWLP, WWIC and Windsor Communities as defendants along with Windsor Property Management Company.[1] Dkt. No. 1 at ECF p. 11-30; id. at ¶¶ 2-6;

---

[1] Defendant Windsor Property Management Company does not join in the motion to dismiss. Moving defendants assert that Windsor Property Management Company has not

see also Dkt. No. 5-4. Moving defendants removed plaintiff's case to this Court on February 1, 2017. Dkt. No. 1. Plaintiff did not seek remand. Moving defendants then filed the instant motion to dismiss on March 15, 2017. Dkt. No. 5.

Plaintiff's amended complaint asserts claims relative to a lease she executed on February 28, 2014 – by its terms, an agreement between WWLP, as owner and landlord, and plaintiff, as resident. Dkt. No. 1 at ECF p. 32 and 53 (lease pages 1 and 22). The lease is for an apartment with an address of 1511 Manchester Court, Apt. #302, West Chester, PA 19380. Id. at ECF p. 32 (lease page 1). The lease provides that "[t]he leasing office address for [Windsor at Windermere Place] is 1500 Windermere Road, West Chester PA, 19380" and that Windsor Property Management Company, the owner's "Agent", "manages the Community" and "accepts service of notices, demands and service of process on behalf of the Owner." Id. at ECF p. 32. The lease was executed on behalf of the "owner" by Amy Watkins, an "Authorized Signatory" for "Windsor Property Management Company, Its Agent." Id. at ECF p. 53 (lease page 22). The lease also provides that "Owner and Agent and their successors and assigns may exercise rights, remedies and legal proceedings under the lease." Id. at ECF p. 46 (lease page 15).

Section II of the lease is titled "Terms and Conditions of Lease – Pennsylvania."[2] Id. at ECF p. 41 (lease page 10). There is a single reference thereunder to a specific Pennsylvania law on page 11 of the lease:

> You agree to waive any notice including the 10 or 30 day notice period that is contained in Section 501 of the Landlord and Tenant Act of 1951, as amended, 68 P.S. 250.501, or any other notice period established by law. LANDLORD MAY FILE SUIT

---

been served, Dkt. No. 5 at ECF p. 3 n.1, and there is no proof of service on the docket for it.
   [2]   The lease does not include a choice of law provision, but does provide that, if the owner or agent elects to resolve a lease dispute by arbitration, "it will be in the state where the Apartment is located." Id. at ECF p. 46 (lease page 15).

-2-

AGAINST TENANT TO ENFORCE THE TERMS OF THE
LEASE WITHOUT NOTICE TO TENANT.

Id. at ECF p. 42 (lease page 11).

Plaintiff's amended complaint alleges that, "[u]pon information and belief . . . [WWLP] . . . is a Pennsylvania Limited Partnership, with a place of business at 1500 Windemere Road, West Chester Pennsylvania, and . . . was and is landlord and the owner of the property where the incident at issue took place." Id. at ECF p. 12, ¶ 2 (capitalization omitted). She alleges that "[u]pon information and belief, [WWIC] is a registered Pennsylvania Corporation and provides capital to Windsor at Windermere LP for its real estate ventures." Id. at ECF p. 12-13, ¶ 3 (capitalization omitted). She also alleges that "[u]pon information and belief, Windsor Communities is a registered Massachusetts business and is the parent company of Windsor at Windermere LP." Id. at ECF p. 13, ¶ 4 (capitalization omitted).[3]

Moving defendants contend that plaintiff's jurisdictional allegations are incorrect and "[n]one of the Moving defendants are incorporated in Pennsylvania and none of them maintain a principal place of business in Pennsylvania." Dkt. No. 5 at ECF p. 3. Moving defendants assert that contrary to the allegations in plaintiff's amended complaint, WWLP "is a Delaware Limited Partnership and maintains its principal place of business at 125 High Street, 27th Floor, Boston, Massachusetts . . . ." Id. at ECF p. 4, ¶ 10. They contend that WWIC "is a Delaware Corporation and maintains its principal place of business at 125 High Street, 27th Floor, Boston, Massachusetts . . . ." Id. at ECF p. 4, ¶ 11. Moving defendants also assert that Windsor

---

[3] Plaintiff's amended complaint also alleges that, "[u]pon information and belief, Windsor Property Management Company is the property management company that was responsible for the management, maintenance and oversight of the property where the incident . . . took place, with a business address" of 1500 Windermere Road, West Chester, Pennsylvania." Dkt. No. 1 at ECF p. 13, ¶ 6 (capitalization omitted). Plaintiff does not allege its citizenship.

Communities "is not a legal entity," but rather, "is a trade name registered with the U.S. Patent and Trademark Office." Id. at ECF p. 4, ¶ 12. Defendants included these same allegations regarding their citizenship in their notice of removal and stated that "this Court has original jurisdiction pursuant to 28 U.S.C. § 1332," citing their "information and belief" that "the amount in controversy in this action, exclusive of interests and costs, exceeds $75,000."[4] Dkt. No. 1 at ECF p. 2-3 ¶¶ 2-7.

In her response to moving defendants' motion to dismiss for lack of jurisdiction, plaintiff contends that "all of the named Defendants not only had corporate offices in Pennsylvania, but availed themselves of this jurisdiction by way of their contacts here." Dkt. No. 6 at ECF p. 2, ¶ 7. Plaintiff submits that defendant WWLP and defendant WWIC are both registered with the Pennsylvania Department of State to do business in the Commonwealth of Pennsylvania. Dkt. No. 6-1 at ECF p. 3; see also Dkt. No. 6-2. She also asserts that defendant Windsor Property Management Company managed the apartment complex in question and ran its primary business in West Chester Pennsylvania. Dkt. No. 6-1 at ECF p. 3.

---

[4] The Court notes that neither plaintiff nor defendants (in their notice of removal, see Dkt. No. 6-7 at ¶ 2) have alleged the identity and citizenship of each of the partners in WWLP. The absence of such allegations is problematic for the Court's subject matter jurisdiction over this matter. A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). "[I]n the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." Id. at 183; see also Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990) (holding that corporate citizenship is determined by the citizenship of both the general and limited partners). However, because I will dismiss plaintiff's amended complaint against moving defendants based on their personal jurisdiction argument, I decline to further address the question of subject matter jurisdiction in this opinion. "[A] court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (citations and internal quotation omitted).

**II.     The Alleged Incident and Plaintiff's Claims**

In her amended complaint, plaintiff claims that while she was a residential tenant in Unit #302 at Windsor at Windemere Place in West Chester, Pennsylvania, "other tenants started their fireplace, which caused smoke and other hazardous materials to enter Ms. McCaffrey's apartment.  Dkt. No. 1 at ECF p. 12-14, ¶¶ 1, 8-10.  She alleges that "[a]s a direct result of the substances that entered into [her] apartment, she suffered serious and permanent bodily injuries . . . as well as emotional and mental anguish . . . ."  Id. at ECF p. 14, ¶ 11.

Plaintiff asserts a negligence claim against WWLP, WWIC, Windsor Communities and Windsor Property Management Company (collectively, the Windermere Defendants), alleging that they owed her a duty "[a]s the businesses having ownership and responsibilities for the units located within the Community at Windermere Place," where she was a tenant.  Dkt. No. 1 at ECF p. 14, ¶ 14.  Plaintiff claims that the Windermere defendants breached their duty to her by, inter alia, "[f]ailing to properly and timely repair[ ] a defect with the chimney(s);" "[f]ailing to properly and timely investigat[e] complaints made by tenants;" "[f]ailing to properly and timely notify other tenants about repairs being conducted;" "[f]ailing to properly and timely hire adequate and properly trained professionals to make repairs to the chimney(s);" and "[f]ailing to properly and timely investigate and remediate the defective conditions . . . ."  Id. at ECF p. 14-15, ¶ 15.  Plaintiff also alleges that the Windermere defendants were "vicariously liable for the acts of [their] agents, employees, contractors and subcontractors," that the Windermere "[d]efendants hired agents, contractor(s) and/or subcontractors to perform the chimney repairs at issue in this case," and that the "agents, contractors, and/or subcontractors were negligent and careless in their chimney repairs . . . ."  Dkt. No. 1 at ECF p. 19 at ¶ 34-36.  She claims that WWLP, WWIC and Windsor Communities along with Windsor Property Management Company "breache[d]

their duties as landlord, owner and management company" under the lease agreement "by failing to provide reasonably safe accommodations for" her. Id. at ECF p. 21 at ¶ 45. She also asserts a state law claim against the Windermere defendants for a breach of the warranty of habitability, id. at ECF p. 23 at ¶¶ 51-58, and for punitive damages. Id. at ECF p. 24-27, at ¶¶ 59-70.

**STANDARD OF REVIEW**

A defendant may move to dismiss a complaint due to lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Where defendants raise a jurisdictional defense, it is ordinarily plaintiff's burden to "prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted); see also Cumberland Truck Equipment Co. v. Detroit Diesel Corp., 401 F. Supp. 2d 415, 418 (E.D. Pa. 2005) (holding the plaintiff has the burden to demonstrate that the facts establish personal jurisdiction over the defendant) (citation omitted). However, neither moving defendants nor plaintiff have requested discovery or an evidentiary hearing on the issue of personal jurisdiction in this case. "If a district court does not hold an evidentiary hearing, the plaintiff must only establish a prima facie case of personal jurisdiction," Finn v. Great Plains Lending, LLC, No. 15-4658, 2016 WL 705242, at *2 (E.D. Pa. Feb. 23, 2016), citing Metcalfe, 566 F.3d at 330, in which case, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Metcalfe, 566 F.3d at 330. "Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." Metcalfe, 566 F.3d at 331, quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

**DISCUSSION**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014), citing Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction over nonresident defendants to the fullest extent permitted under the due process clause of the Fourteenth Amendment of the United States Constitution. 42 Pa. Cons. Stat § 5322(b). To show that this Court can exercise personal jurisdiction over moving defendants, "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state" (i.e., specific jurisdiction), Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987), or that "the defendant's contacts with a forum are 'so continuous and systematic as to render [it] essentially at home in the forum State'" (i.e., general jurisdiction). Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) (quotations and citation omitted).

Moving defendants first argue that dismissal is warranted as the Court "lacks general jurisdiction over [them] because they are not 'at home' in Pennsylvania," noting that none of them are incorporated in Pennsylvania and that none of them have principal places of business in the Commonwealth. Dkt. No. 5-2 at ECF p. 8. They assert that "[t]he Pennsylvania contacts alleged by Plaintiff in the Amended Complaint are incorrect and are not sufficient to establish general personal jurisdiction . . . ." Id. They contend that "the Supreme Court's holding in Daimler has drastically limited the ability of a court to exercise general jurisdiction over a corporate defendant who is not incorporated and does not have a principal place of business in the forum state." Id. at ECF p. 6. In their reply brief, moving defendants argue that plaintiff does not "acknowledge[ ] the applicability of the Supreme Court's holding in Daimler" and she

"makes no argument whatsoever that either WWLP or WWIC have exceptional contacts with Pennsylvania that render either of those entities essentially 'at home' in Pennsylvania to enable this court to exercise general jurisdiction over them." Dkt. No. 7 at ECF p. 5.

I agree with moving defendants that plaintiff has not met her burden to establish the Court's general jurisdiction over them. Although she alleges that WWLP is a Pennsylvania Limited Partnership and that WWIC is a registered Pennsylvania Corporation, see Dkt. No. 1 at ECF p. 12-13 (Am. Compl. ¶¶ 2-3), in her response to the motion to dismiss, plaintiff does not dispute moving defendants' assertion that her allegations are incorrect. See Dkt. No. 6 at ECF p. 3 at ¶ 10 (admitting that "Defendant Windsor at Windermere is a foreign entity," but noting that it "was registered to do business in the Commonwealth of Pennsylvania); id. at ¶ 10 (not disputing that WWIC is a Delaware Corporation, but noting that it "registered to do business in the Commonwealth of Pennsylvania").[5] And with respect to that Windsor Communities, plaintiff's amended complaint alleges that it "is a registered Massachusetts business." Dkt. No. 1 at ECF p. 13 (Am. Compl. at ¶ 4). Plaintiff has not shown that moving defendants' contacts with Pennsylvania are "so continuous and systematic as to render [them] essentially at home in the forum State." Daimler, 134 S. Ct. at 761.

In her response to moving defendants' motion, plaintiff contends that the motion "incorrectly focuses exclusively on [g]eneral [j]urisdiction, but fails to address that this jurisdiction is proper because Defendants have minimum contacts with this jurisdiction and have availed themselves to claims in the Eastern District of Pennsylvania." Dkt. No. 6-1 at ECF p. 2. In other words, plaintiff contends that the Court has specific jurisdiction over her claims.

---

[5] Further, in support of her response to defendants' motion, plaintiff submits documents from the Pennsylvania Department of State which seem to confirm that WWLP is a Delaware limited partnership, Dkt. No. 6-2 at ECF p. 2, and that WWIC is a Delaware corporation. Dkt. No. 6-2 at ECF p. 4.

To satisfy the requirements of specific jurisdiction, a

> defendant must have purposefully directed its activities at the forum. . . . Second, the litigation must arise out of or relate to at least one of those activities. . . . And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citations, alterations and internal quotations omitted); see also Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) ("[I]t is essential . . . that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws."). "Because specific jurisdiction depends on a link between the plaintiff's cause of action and [a] defendant's forum-related activities, the determination whether specific jurisdiction exists is claim-specific." Lincoln Nat'l Corp. v. Flint, No. 16-2588, 2016 WL 6615036, at *3 (E.D. Pa. Nov. 9, 2016), citing Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).

In her opposition brief, plaintiff does not separately address whether the Court has specific jurisdiction over each of her claims against each defendant, but instead argues that "all of the allegations of negligence, recklessness, breach, etc., as pl[e]d by the Plaintiff, took place in this jurisdiction." Dkt. No. 6-1 at ECF p. 7. Plaintiff contends that "Defendants' acts of entering into a lease in this jurisdiction with the Plaintiff, listing its [sic] legal address here, conducting business here, maintaining offices and running their business here, all show sufficient contacts to avail themselves of this jurisdiction." Id. at ECF p. 6. She asserts that her amended complaint raises claims related to her lease and argues that "[i]t is clear that the terms and conditions of the lease are subject to the Commonwealth of Pennsylvania [sic]," citing heading II of the lease. Id. at ECF p. 5-6; see Dkt. No. 1 at ECF p. 41 (lease page 10). Plaintiff argues that the lease is for

an apartment with "a legal address of 1511 Manchester Court, Apt. #302, West Chester, PA 19380." Dkt. No. 6-1 at ECF p. 6; see also Dkt. No. 1 at ECF p. 32 (lease page 1). She also argues that moving defendants "availed themselves of this jurisdiction by registering to do business" in Pennsylvania, citing the registrations of both WWLP and WWIC with the Pennsylvania Department of State. Dkt. No. 6-1 at ECF p. 6. Plaintiff contends that "the deliberate acts by the Moving Defendants of registering to do business here, and thereafter conducting business here, while having a physical presence and corporate offices maintained and operated here, without question establishes the minimum contacts in this forum State." Id. at ECF p. 7.

Moving defendants reply that the "Court does not have specific jurisdiction over any of the Moving Defendants, as Plaintiff's claims against Moving Defendants do not arise out of or relate to any contact or activity of any of the Moving Defendants in Pennsylvania." Dkt. No. 7 at ECF p. 11. Instead, they argue that plaintiff's claim "as to specific jurisdiction arises out of [Windsor Property Management's] conduct." Id. at ECF p. 4. They cite plaintiff's allegation that she "notified the property management company multiple times of a defective issue with her fireplace and/or chimney." Id., citing Am. Compl. at ¶ 9.

More specifically, with respect to plaintiff's claims against WWLP, moving defendants argue that her allegations are insufficient to establish specific jurisdiction because "the lease which Plaintiff entered into and which is titled 'Windsor Property Management Company' is entered into and signed by Plaintiff and unserved Defendant Windsor Property Management Company, not WWLP." Dkt. No. 7 at ECF p. 7. They argue that "the lease was not prepared by WWLP and is not signed by WWLP. The lease . . . only makes one reference to WWLP in the first paragraph." Id. Moving defendants neglect to address the effect, if any, of Windsor

-10-

Property Management Company's position as WWLP's agent.  See Dkt. No. 1 at ECF p. 32 (lease p. 1).  "Agency relationships, . . . may be relevant to the existence of specific jurisdiction." Daimler, 134 S. Ct. at 759 n.13.  "[A] corporation can purposefully avail itself of a forum by directing its agents . . . to take action there."  Id.  Plaintiff does not, however, specifically argue that Windsor Property Management Company's position as WWLP's agent warrants the Court's exercise of specific jurisdiction over WWLP.  "Under the agency theory, . . . only acts by the agent which were directed by the principal may provide the basis for jurisdiction."  Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F. Supp. 1458, 1467 (D. Del. 1991).  As moving defendants argue, plaintiff "fails to show how the Lease, which she" entered into with WWLP's alleged agent "is anyway [sic] connected to her injuries or the cause thereof."  Dkt. No. 7 at ECF p. 11.  Indeed, plaintiff does not allege "that she ever notified any of the Moving Defendants of issues with her fireplace or that any of the Moving Defendants were involved in or were in fact the cause of the incident giving rise to her complaint."  Id.  Also, as moving defendants argue, "[t]here is no allegation by Plaintiff that Defendant WWLP conducted business at the leasing office address or that it instituted any type of legal action against Plaintiff based upon the 'Pennsylvania statutes' in the lease."  Id. at ECF p. 8.  I agree with moving defendants that "[p]laintiff's blanket statements that Defendants' 'acts of conducting business here, maintaining offices and running their business here'" are not sufficient to demonstrate that the Court has specific jurisdiction over WWLP and "mere ownership of a property by WWLP without more" is not enough to show that WWLP conducted business in Pennsylvania.  Id.

   Plaintiff fares no better with respect to her claims against WWIC, a defendant who is not even a party to the lease agreement.  She alleges only that WWIC "provides capital to [WWLP] for its real estate ventures . . . ."  Dkt. No. 1 at ECF p. 12-13 (Am. Compl. at ¶ 3).  Her amended

complaint makes no effort to specify whether there is any link whatsoever between plaintiff's apartment and any of WWIC's activities. Further, plaintiff provides no support for her contention that WWIC "purposefully directed its activities at Pennsylvania" other than her assertion that WWIC is registered to conduct business in Pennsylvania. See Dkt. No. 7 at ECF p. 6. Moving defendants argue that "[t]he mere fact that a business entity is registered to conduct business in Pennsylvania, without more, is insufficient to establish this Court's specific jurisdiction over a defendant." Id. I agree that plaintiff has not shown that her claims against WWIC arise out of or relate to activities which WWIC purposefully directed at this forum.

Finally, moving defendants argue that "[p]laintiff's entire opposition is silent as to Defendant Windsor Communities and therefore plaintiff concedes that this Court lacks jurisdiction over" it. Dkt. No. 7 at ECF p. 5 n.2. They assert that "Windsor Communities is in fact not even a legal entity," noting that it is instead "a trade name registered with the U.S. Patent and Trademark Office." Id. I agree with defendants that plaintiff has not met her burden to establish this Court's specific jurisdiction over Windsor Communities. Where plaintiff has not sufficiently alleged the Court's jurisdiction over WWLC, it is certainly not enough for plaintiff to rest on her allegation that Windsor Communities "is the parent company of" WWLP. Dkt. No. 1 at ECF p. 13 (Am. Compl. at ¶ 4). Accordingly, I will dismiss her claims against it.

Because I find that plaintiff has not met her burden to establish that the Court has jurisdiction over her claims, I will grant moving defendants' motion. I will, however grant plaintiff leave to amend her amended complaint to the extent she is able to sufficiently allege a basis for the Court's jurisdiction over her claims.[6]

---

[6] In her response to moving defendants' motion, plaintiff argues that she "should be entitled to simply amend her Amended Complaint to add the typical background language relative to the appropriate federal statutes on jurisdiction. This was not included in Plaintiff's

An appropriate Order follows.

---

Complaint or Amended Complaint because same were filed in state court." Dkt. No. 6-1 at ECF p. 9, n.4. Arguably, more substantial amendments are required to support the Court's jurisdiction than the addition of "typical background language," but I see no reason to find that plaintiff's request for leave to amend would necessarily be futile.