IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFANIE MCCAFFREY | : | CIVIL ACTION |
| | : | NO. 17-460 |
| v. | : | |
| | : | |
| WINDSOR AT WINDERMERE | : | |
| LIMITED PARTNERSHIP, et al. | : | |

MCHUGH, J.                                                                                      November 15, 2017

## MEMORANDUM

Defendants Windsor at Windermere Limited Partnership (WWLP) and Windsor at Windermere Investors Corporation (WWIC) (collectively, moving defendants) seek to dismiss plaintiff Stepfanie McCaffrey's second amended complaint for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court will deny moving defendants' motion to dismiss to the extent that it seeks to dismiss plaintiff's claims against WWLP. Moving defendants' motion will be granted to the extent that it seeks to dismiss plaintiff's claims against WWIC. Plaintiff's claims against WWIC will be dismissed without prejudice.

## BACKGROUND

### I. Procedural History

On September 27, 2017, after finding that it was unable to determine whether complete diversity existed between the parties, the Court dismissed the original motion to dismiss by WWLP and WWIC[1] without prejudice to renewal upon the existing papers in the event that defendants were able to demonstrate a basis for the Court's jurisdiction over plaintiff's claims. Dkt. No. 32. WWIC and WWLP filed an amended notice of removal on October 5, 2017 in

---

[1] WWIC and WWLP's motion to dismiss was first filed at docket number 14. Because the renewed motion to dismiss makes no new arguments, citations to the motion herein are made to docket number 14.

which they alleged the citizenship of the partners in WWLP, none of which are citizens of Pennsylvania, thus satisfying the requirements for the exercise of diversity jurisdiction under 20 U.S.C. §1332. Dkt. No. 34 at ECF p. 2, ¶ 3. On the same day, they filed a renewed motion to dismiss. Dkt. No. 35. On October 18, 2017, plaintiff moved to renew her previously filed answer to the motion to dismiss.[2] Dkt. No. 42. WWLP filed a motion to renew its previously filed reply on October 23, 2017.[3] Dkt. No. 45.

## II. Plaintiff's Allegations

Plaintiff alleges that "on or about December 21, 2014, other tenants [in the residential apartment complex where she leased Unit #302] started their fireplace, which caused smoke and other hazardous materials to enter [her] apartment." Dkt. No. 13 at ECF p. 3, ¶ 9. She claims that "[a]s a direct result of the substances that entered into [her] apartment, she suffered serious and permanent bodily injuries, . . . as well as emotional and mental anguish . . . ." Id. at ¶ 10.

On May 8, 2017, the Court granted a motion by defendants WWLP, WWIC and Windsor Communities to dismiss plaintiff's amended complaint. Dkt. No. 10. The Court found that plaintiff had not sufficiently alleged a basis for the Court's general jurisdiction over the moving

---

[2] Plaintiff's original opposition and brief in opposition to WWLP and WWIC's motion to dismiss were filed at docket numbers 17 and 19. In her renewed answer, which was not docketed as a motion for leave to renew, plaintiff notes that "[a] new supporting brief is being filed." Dkt. No. 42 at ECF p. 1. The Court did not grant plaintiff leave to file a new or revised opposition to WWIC and WWLP's renewed motion to dismiss. Even if it had, plaintiff's "new" brief, which includes some changes to the language in her originally filed opposition, does not raise any new factual or legal arguments. Accordingly, even though WWLP does not object to plaintiff's "new" opposition brief in its request to renew its reply brief, see Dkt. No. 45, the Court's opinion will cite to plaintiff's originally filed opposition in deciding WWLP and WWIC's motion.

[3] In her original opposition to moving defendants' motion, plaintiff concedes that "she does not possess any additional information . . . to establish that Defendant WWIC availed itself of this jurisdiction" and thus "concede[s] to a dismissal of WWIC, without prejudice." Dkt. No. 19 at ECF p. 10. She renews this concession in her second opposition brief. Dkt. No. 42-1 at ECF p. 11.

defendants. Dkt. No. 9 at ECF p. 8. The Court also found, inter alia, that plaintiff had not set forth allegations sufficient to demonstrate that the Court has specific jurisdiction over WWLP. Id. at ECF p. 11. Specifically, the Court's Opinion explained that

> plaintiff's blanket statements that Defendants' acts of conducting business here, maintaining offices and running their business here are not sufficient to demonstrate that the Court has specific jurisdiction over WWLP and mere ownership of a property by WWLP without more is not enough to show that WWLP conducted business in Pennsylvania.

Id. (internal quotations and citations omitted). Plaintiff was granted leave to amend "to the extent that plaintiff is able to properly allege a basis for the Court's jurisdiction over her claims." Dkt. No. 10 at ECF p. 1.

In her second amended complaint, plaintiff alleges that "WWLP was the owner and landlord of the apartment complex where the incident [in] question took place." Dkt. No. 13 at ECF p. 5, ¶ 18. She also alleges that WWLP "is a Delaware Limited Partnership, which registered to do business here in the Commonwealth of Pennsylvania, and maintained a place of business at 1500 Windermere Road, West Chester, Pennsylvania. . . ." Id. at ECF p. 1-2, ¶ 2. Plaintiff alleges that "WWLP also maintains a principal place of business at 125 High Street, 27th Floor, Boston, Massachusetts." Id. at ECF p. 2, ¶ 2.

By its terms, plaintiff's lease for 1511 Manchester Court, Apt. #302, West Chester, PA 19380 is an agreement between WWLP, as owner and landlord, and plaintiff, as resident. Dkt. No. 13-5 at ECF p. 2 and Dkt. No. 13-6 at ECF p. 13 (lease pages 1 and 22). The lease provides that "[t]he leasing office address for [Windsor at Windermere Place] is 1500 Windermere Road, West Chester PA, 19380" and that Windsor Property Management Company (WPMC), the owner's "Agent", "manages the Community" and "accepts service of notices, demands and service of process on behalf of the Owner." Dkt. No.13-5 at ECF p. 2 (lease page 1). The lease

-3-

was executed on behalf of the "owner" by Amy Watkins, an "Authorized Signatory" for "Windsor Property Management Company, Its Agent." Dkt. No. 13-6 at ECF p. 13 (lease page 22). The lease also provides that "Owner and Agent and their successors and assigns may exercise rights, remedies and legal proceedings under the lease." Id. at ECF p. 46 (lease page 15).

Plaintiff's second amended complaint adds the allegations that, "[u]pon information and belief, as owner and landlord of the property, WWLP authorized and directed it's [sic] agent, WPMC to manage, oversee and maintain the apartment complex in question." Id. at ECF p. 5, ¶ 19. She also alleges that "[u]pon information and belief, WWLP made decisions, maintained control over and directed it's [sic] agent WPMC relative to the allegations contained in this matter." Id. at ECF p. 5, ¶ 20. Plaintiff alleges that while she was a tenant of Unit #302, she "notified the property management company WPMC multiple times of a defective issue with her fireplace and/or chimney." Dkt. No. 13 at ECF p. 3, ¶ 8.

Plaintiff asserts claims against WWLP for negligence (Count I), vicarious liability for the negligent acts of its agents, employees contractors and subcontractors (Count III), breach of her lease agreement (Count IV), breach of warranty of habitability (Count V), and punitive damages (Count VI). See Dkt. No. 13.

## DISCUSSION

Moving defendants argue that dismissal of plaintiff's second amended complaint is warranted pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because it does not sufficiently allege that this Court can exercise personal jurisdiction over WWLP. The Court

disagrees.[4]

To demonstrate personal jurisdiction, "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state" (i.e., specific jurisdiction), Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir. 1987), or that "the defendant's contacts with a forum are 'so continuous and systematic as to render [it] essentially at home in the forum State'" (i.e., general jurisdiction). Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) (quotations and citation omitted); see also Bristol-Myers Squibb Co. v. Sup. Ct. of Ca., San Francisco Cnty., 137 S. Ct. 1773, 1779–80 (2017) ("[O]ur decisions have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction.").

Where defendants raise a jurisdictional defense, it is ordinarily plaintiff's burden to "prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (citation omitted); see also Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F. Supp. 2d 415, 418 (E.D. Pa. 2005)

---

[4] In its reply brief, WWLP first argues that its motion to dismiss "should be granted with prejudice as uncontested" because plaintiff's brief in opposition to the motion was untimely. Dkt. No. 21 at ECF p. 2; see E.D. Pa. Local R. 7.1 ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56.")(emphasis added). The Court declines to grant WWLP's motion on this basis, noting the Supreme Court's instruction that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988); see also Foman v. Davis, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (citation and internal quotations omitted). Although plaintiff did not file her original brief in support of her response until one day after the Local Rules of Civil Procedure required a response to WWLP's motion, Dkt. No. 19 (filed June 20, 2017), plaintiff filed her response to WWLP's motion within the required time. See Dkt. No. 17 (filed June 19, 2017).

(holding the plaintiff has the burden to demonstrate that the facts establish personal jurisdiction over the defendant) (citation omitted). However, if, like here, the "district court does not hold an evidentiary hearing, the plaintiff must only establish a prima facie case of personal jurisdiction," Finn v. Great Plains Lending, LLC, No. 15-4658, 2016 WL 705242, at *2 (E.D. Pa. Feb. 23, 2016) (citation omitted), in which case, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[5] Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Metcalfe, 566 F.3d at 330.

First, moving defendants contend that plaintiff's most recent amendments to her complaint are not adequate to remedy her failure to sufficiently allege the Court's general jurisdiction over WWLP. See Dkt. No. 14-1 at ECF p. 13 (arguing that because WWLP is not incorporated in Pennsylvania, does not have a principal place of business in Pennsylvania, and no other exceptional circumstances apply, WWLP is not "at home" in Pennsylvania), citing Daimler, 134 S. Ct. at 760-761; see also Dkt. No. 14 at ECF p. 8, ¶ 31 (same). In their motion to dismiss, moving defendants contend that "WWLP never maintained a place of business at 1500 Windermere Rd, West Chester, Pennsylvania" and assert that plaintiff has not attached any documents to her second amended complaint or raised any other allegations which support her contention that it did. Dkt. No. 14-1 at ECF p. 5. They contend that "there are no allegations in the [second amended complaint] that WWLP conducted business at the leasing office address of 1500 Windermere Rd in West Chester, PA" and instead assert that the exhibit plaintiff attaches to her second amended complaint regarding WWLP's corporate registration "evidenc[es] that WWLP's business address is at 125 High Street in Boston, MA." Id. at ECF p. 6, citing Dkt. No. 13-2.

---

[5] Neither moving defendants nor plaintiff have requested discovery or an evidentiary hearing on the issue of personal jurisdiction in this case.

Plaintiff responds only that she "has alleged in her Amended Complaint [sic] that the Moving Defendants availed themselves in [sic] this forum by conducting business in West Chester, Pennsylvania." Dkt. No. 17 at ECF p. 5, at ¶ 32. She does not respond to moving defendants' argument that, after the Supreme Court's decision in Daimler, it takes "an 'exceptional case' before a corporation can be found to be 'at home' in any state other than its formal place of incorporation or the state of its principal place of business." Dkt. No. 14-1 at ECF p. 9, citing Daimler, 134 S. Ct. 761, n.19.

The Court agrees with moving defendants that plaintiff's second amended complaint has not cured her failure to show that WWLP's contacts with Pennsylvania are "so continuous and systematic as to render [them] essentially at home in the forum State." Daimler, 134 S. Ct. at 761. Plaintiff has not sufficiently pled a basis for the exercise of the Court's general jurisdiction over her claims.

Nonetheless, the Court finds that plaintiff's amendments are now sufficient, if only just so,[6] to establish that the Court has specific jurisdiction over her claims against WWLP. As the Supreme Court explained in Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco County,

> [i]n order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." . . . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

137 S. Ct. 1773, 1781 (2017), citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564

---

[6] "Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." Metcalfe, 566 F.3d at 331, quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

U.S. 915, 919 and 931, n.6 (2011) (internal quotation marks and brackets in original omitted). As this Court explained in its prior decision dismissing plaintiff's amended complaint, to satisfy the requirements of specific jurisdiction, a

> defendant must have purposefully directed its activities at the forum. . . . Second, the litigation must arise out of or relate to at least one of those activities. . . . And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citations, alterations and internal quotations omitted); see also Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) ("[I]t is essential . . . that there be some act by which the defendant purposely avails itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws."). "Because specific jurisdiction depends on a link between the plaintiff's cause of action and [a] defendant's forum-related activities, the determination whether specific jurisdiction exists is claim-specific." Lincoln Nat'l Corp. v. Flint, No. 16-2588, 2016 WL 6615036, at *3 (E.D. Pa. Nov. 9, 2016), citing Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).

As the Court also explained in its prior decision, "[a]gency relationships, . . . may be relevant to the existence of specific jurisdiction." Daimler, 134 S. Ct. at 759 n.13. "[A] corporation can purposefully avail itself of a forum by directing its agents . . . to take action there." Id.; see also Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, . . . physical entry into the State— either by the defendant in person <u>or through an agent</u>, goods, mail, or some other means—is certainly a relevant contact.") (emphasis added, citation omitted). "Under the agency theory, . . . only acts by the agent which were directed by the principal may provide the basis for

jurisdiction." Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F. Supp. 1458, 1467 (D. Del. 1991).

In her second amended complaint, plaintiff alleges that "as owner and landlord of the property, WWLP authorized and directed it's [sic] agent WPMC to manage, oversee and maintain the apartment complex in question" and that "WWLP made decisions, maintained control over and directed it's [sic] agent WPMC relative to the allegations contained in this matter." Dkt. No. 13 at ECF p. 5, ¶¶ 19-20. Moving defendants contend that these allegations are not enough to establish that specific jurisdiction exists. They argue that plaintiff's second amended complaint "fails to allege specifically any authority or direction that WWLP granted or gave to the property management company that links WWLP to Plaintiff's alleged cause of action . . . ." Dkt. No. 14-1 at ECF p. 5. They note that plaintiff has not alleged "that she ever notified WWLP of issues with her fireplace or that WWLP was involved in or was in fact the cause of the incident giving rise to her compl[ai]nt." Id.

However, plaintiff now specifically alleges that WPMC was WWLP's agent, Dkt. No. 13 at ECF p. 5, ¶ 24, an allegation that is further supported by her lease agreement. See Dkt. No. 13-5 and Dkt. No. 13-6. She also alleges that she notified WPMC of issues with her fireplace. Id. at ECF p. 3, ¶ 8. Additionally, she alleges that WWLP directed its agent WPMC to "manage, oversee and maintain the apartment complex" where she was a tenant. Id. at ECF p. 5 at ¶ 19; see also id. at ¶ 25 ("WPMC acted as the property management company and was responsible for the management, oversight and supervision of all maintenance and repairs for the apartment complex."). With these allegations, plaintiff has now alleged more than "mere ownership" of the apartment complex by WWLP. Her new allegations are sufficient to plead "an affiliation between the forum and the underlying controversy . . . ," Bristol-Meyers Squibb, 137 S. Ct. at

1781 (citation omitted), i.e., the alleged failure of WWLP and/or its agent WPMC to "properly and timely repair[ ] a defect with the chimney(s), to "properly and timely investigat[e] complaints made by tenants" and to "properly and timely hire adequate and properly trained professionals to make repairs to the chimney(s)." Dkt. No. 13 at ECF p. 6 at ¶ 30. The Court will deny moving defendant's motion to the extent that it seeks to dismiss plaintiff's claims against WWLP for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

      An appropriate Order follows.

                                              /s/ Gerald Austin McHugh
                                       United States District Judge