IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPFANIE MCCAFFREY | : | CIVIL ACTION |
| | : | NO. 17-460 |
| v. | : | |
| | : | |
| WINDSOR AT WINDERMERE | : | |
| LIMITED PARTNERSHIP, et al. | : | |

MCHUGH, J.                                                                                November 15, 2017

## MEMORANDUM

Defendant Windsor Property Management Company (WPMC) has filed a renewed motion to dismiss plaintiff Stepfanie McCaffrey's complaint based upon insufficient service of process. Dkt. No. 36.[1] In response, plaintiff moves for additional time to serve WPMC. Dkt. No. 40. For the following reasons, the Court will deny WPMC's renewed motion to dismiss without prejudice and grant plaintiff an additional 14 days in which to properly to serve WPMC.

## BACKGROUND

Plaintiff alleges that WPMC "was the property management company that was responsible for the operation, control, management, supervision and/or maintenance of the Windsor at Windermere Place [apartment] community, and all the buildings and residential units contained therein." Dkt. No. 13 at ECF p. 8, ¶ 38; see also id. at ECF p. 5, ¶ 25 ("WPMC acted as the property management company and was responsible for the management, oversight and supervision of all maintenance and repairs for the apartment complex."). She claims that while she rented Unit #302 in the community, she "notified the property management company WPMC multiple times of a defective issue with her fireplace and/or chimney." Id. at ECF p. 3, ¶ 8.

---

[1] This motion was originally filed at docket number 15. Because the renewed motion to dismiss makes no new arguments, citations to the motion herein are made to docket number 15.

Then, on or about December 21, 2014, other tenants started their fireplace which caused smoke and other hazardous materials to enter [her] apartment." Id. at ECF p. 3, ¶ 9. Plaintiff claims that "[a]s a direct result of the substances that entered into [her] apartment, she suffered serious and permanent bodily injuries . . . ." Id. at ECF p. 3, ¶ 10.

Plaintiff commenced this personal injury action arising out of the alleged December 21, 2014 incident by filing a complaint against multiple defendants in the Chester County Court of Common Pleas on October 6, 2016. See Dkt. No. 15-2 at ECF p. 2 (Chester County Court of Common Pleas docket). She then filed a praecipe to reinstate her complaint on November 4, 2016. See id. The docket for this matter in the Court of Common Pleas for Chester County does not reflect any attempt at service on WPMC between October 6, 2016 and November 4, 2016. See id. Then, on November 23, 2016, an "Affidavit of Non Service" was filed, showing that the Chester County Sheriff had attempted service of the complaint on WPMC on November 15, 2016, but that WPMC was not present at the address where service was attempted. See id. ("Per Theresa Dinubile-Ching Pic of Current Company 'Panco Management', current owner as of 9/28/19. Def[.] no longer at location.").[2] On November 28, 2016, plaintiff filed a second praecipe to reinstate her complaint and then, on December 15, 2016, she filed an amended complaint. See id.

Windsor at Windermere Limited Partnership (WWLP), Windsor at Windermere Investors Corporation (WWIC) and Windsor Communities, defendants other than WPMC,[3] then removed

---

[2] WPMC thus incorrectly asserts in its reply brief that "Plaintiff never attempted to serve WPMC until after this Court made note in its May 8, 2017 Court Order . . . of the fact that WPMC had not been served as of that date." Dkt. No. 20 at ECF p. 6 (emphasis added).

[3] The notice of removal was not filed on behalf of WPMC even though the ECF docket entry for the notice of removal, Dkt. No. 1, states that it is a "NOTICE OF REMOVAL by WINDSOR AT WINDERMERE INVESTORS CORPORATION, WINDSOR AT WINDERMERE LIMITED PARTNERSHIP, WINDSOR COMMUNITIES, WINDSOR

the action to this Court on February 1, 2017.  See Dkt. No. 13.  Plaintiff does not dispute WPMC's assertion that "[t]here were no further filings by Plaintiff in State Court before the Notice of Removal was filed by other defendants . . . ."  Dkt. No. 15 at ECF p. 4, ¶ 13; see Dkt. No. 16 at ECF p. 3, ¶ 13 ("Admitted.").  Plaintiff did not oppose removal.

Rather, after this matter was removed, counsel for plaintiff contacted counsel for the removing defendants and asked whether there were any issues related to service of the complaint.  Dkt. No. 18 at ECF p. 13 (March 1, 2017 email from Sutton to McMeekin).  Plaintiff's counsel explained, "[n]ow that the matter is in Federal court, I just want to confirm service on all defendants and also confirm if you are representing all the defendants."  Id.  Counsel for defendants responded in relevant part as follows:  "We currently represent the defendants served but since I am out of the office I can't say which ones they are off the top of my head.  I presume that we would represent any defendant served if you are saying that there has been subsequent service."  Id. (March 1, 2017 email from McMeekin to Sutton) (emphasis added).  Counsel for plaintiff responded with a further email explaining that he would not be filing a motion for remand and said "[w]hen you get back I just want to confirm service and add the tenants as defendants."  Id. at ECF p. 15 (second March 1, 2017 email from Sutton to McMeekin).  Apparently counsel had no further communications regarding the status of service until defendants WWLP, WWIC and Windsor Communities filed a motion to dismiss the amended complaint on March 15, 2017.[4]  Dkt. No. 5.  In that motion, the moving defendants noted that WPMC had not been properly served.  Id. at ECF p. 3, n.1 ("Although not served at the time of this filing, upon information and belief, Defendant Windsor Property Management Company is a Delaware Corporation and maintains its principal place of business at 125 High

---

PROPERTY MANAGEMENT COMPANY."  See Dkt. No. 1 at ECF p. 1, 4.

[4] WPMC did not join in this motion.

-3-

Street, 27111 Floor, Boston, Massachusetts 02110.").[5]

Plaintiff responded to the March 15, 2017 motion to dismiss on April 3, 2017. Dkt. No. 6. Her response did not address the moving defendants' assertion that WPMC had not been served. On April 10, 2017, the moving defendants filed a reply in which they reiterated that "[a]lthough Windsor Property Management Company is a named Defendant, it has not been served and is not one of the Moving Defendants herein." Dkt. No. 7 at ECF p. 4.

Plaintiff contends that, thereafter, she "served [WPMC] with her complaint on April 17, 2017."[6] Dkt. No. 18 at ECF p. 5. In support of her claim that WPMC was served "[i]n accordance with Federal Rule of Civil Procedure 4(m)," id., she cites a letter enclosing her amended complaint and "the Notice of Removal documentation which removed the . . . matter from its original filing in state court to the United States District Court [f]or [t]he Eastern District of Pennsylvania" that her counsel sent on April 12, 2017 to "Windsor Property Management Company, 125 High Street, Boston, MA 02110" via certified mail, return receipt requested. Dkt. No. 18 at ECF p. 16. The delivery receipt was signed by someone at that address on April 17, 2017, although the signature is illegible and the printed name line was left blank. Id. at ECF p. 21.

On May 8, 2017, this Court granted the motion to dismiss by WWLP, WWIC and Windsor Communities. Dkt. Nos. 9 and 10. Plaintiff was granted leave to file a second

---

[5] In its motion to dismiss, WPMC asserts that it "is a foreign defendant incorporated in the state of Delaware and with its principal place of business in Boston, MA . . . ." Dkt. No. 15 at ECF p. 12. It contends that "its registered agent was and still is CT Corporation . . . and that it could have been timely served via CT Corporation in Harrisburg, Dauphin County, Pennsylvania." Id.

[6] Although plaintiff's original opposition brief states that she served WPMC with her "complaint" on April 17, 2017, Dkt. No. 18 at ECF p. 5, the exhibit referenced in her brief, id. at ECF p. 16-21, states that she served WPMC with her amended complaint on April 17, 2017.

-4-

amended complaint.  See Dkt. No. 10.  Because there was no proof of service on WPMC on the docket at the time, the Court's Order explained that it "sh[ould] serve as notice to plaintiff that if she intends to file a second amended complaint naming Windsor Property Management Company as a defendant, she shall file proof of service upon it with the Court on or before May 22, 2017, or her claims against it will be dismissed without prejudice."  Dkt. No. 10.

Also on May 8, 2017, the same defense counsel who had filed the motion to dismiss on behalf of WWLP, WWIC and Windsor Communities filed a motion to dismiss on behalf of WPMC raising the issue of insufficient service of process on WPMC.  Dkt. No. 8.  The Court dismissed the motion as moot on May 9, 2017, Dkt. No. 11, because plaintiff's amended complaint had been dismissed pursuant to the Court's Order of May 8, 2017.  Dkt. No. 10. WPMC was given leave to file a renewed motion in the event that plaintiff named it as a defendant in a further amended complaint.  Dkt. No. 11.

On May 17, 2017, plaintiff filed a document with the Court titled "proof of service," evidencing her attempt to serve WPMC with the amended complaint in April 2017.  Dkt. No. 12. The document, signed by counsel for plaintiff under penalty of perjury, asserts that the state court Amended Complaint and the "Notice of Removal documentation" were served on WPMC by certified mail, restricted delivery on April 17, 2017.  Id.  The document attaches the signed return receipt card (printed name line left blank) for mail delivered to Windsor Property Management Company at 125 High Street, Boston, MA 02110.  Id. at ECF p. 4.

On May 22, 2017, plaintiff filed a second amended complaint with this Court.  Dkt. No. 13.  A copy of the second amended complaint was then sent to counsel for WPMC by "regular U.S. mail."  Dkt. No. 13-1 at ECF p. 11.  WPMC filed a motion to dismiss the second amended complaint on June 5, 2017.  Dkt. No. 15.

On September 27, 2017, finding that it was unable to determine whether complete diversity existed between the parties, the Court dismissed WPMC's motion to dismiss along with other pending motions "without prejudice to renewal upon the existing papers" in the event that defendants were able to demonstrate a basis for the Court's jurisdiction over plaintiff's claims. Dkt. No. 32.

WWIC and WWLP filed an amended notice of removal on October 5, 2017 in which they allege the citizenship of the partners in WWLP, none of which are citizens of Pennsylvania, thus satisfying the requirements for the exercise of diversity jurisdiction under 20 U.S.C. § 1332. Dkt. No. 34 at ECF p. 2, ¶ 3. On the same day, WPMC filed a renewed motion to dismiss. Dkt. No. 36. Plaintiff then filed a renewed answer to the motion to dismiss in which she notes that "[a] new supporting brief is being filed." Dkt. No. 41 at ECF p. 1. WPMC has filed a motion to renew its originally filed reply. Dkt. No. 44.

## DISCUSSION

### I. Motion to Strike

To begin, WPMC has filed a motion to strike plaintiff's new opposition brief, Dkt. No. 43, to which plaintiff has filed a response. Dkt. No. 49. WPMC argues that "[t]he Court's September 27, 2017 Order provides for *renewal* of filed motions, it does *not* state that *new* motions may be filed" and contends that plaintiff should not be permitted to assert "new factual and legal arguments that were not asserted in her original response." Dkt. No. 43 at ECF p 4-5 (emphasis in original). Plaintiff responds that the Court's "September 27, 2017 Order did not in any way limit what arguments could be made in response to any Motions that were to be renewed" and argues that she "is free to file any oppositions she deems appropriate." Dkt. No. 49 at ECF p. 3, 4.

The Court does not construe the language of the September 27, 2017 Order, which permitted renewal of WPMC's motion to dismiss "on the *existing* papers," Dkt. No. 32 (emphasis added), as granting plaintiff an opportunity to make new arguments in response to WPMC's renewed motion to dismiss. WPMC's renewed motion merely re-files the existing papers (consistent with the Court's Order) and the Court thus sees no reason to give plaintiff an opportunity to make arguments that she declined to make when she first filed her response to WPMC's motion. Accordingly, the Court will grant WPMC's motion to strike plaintiff's new reply brief. Instead, in deciding WPMC's motion to dismiss, the Court will consider plaintiff's previously filed opposition and brief in opposition,[7] Dkt. Nos. 16 and 18, and WPMC's previously filed reply, Dkt. No. 20.[8]

## II. WPMC's Motion to Dismiss and Plaintiff's Motion to Extend the Time for Service

WPMC moves to dismiss plaintiff's claims pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, which provides for a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). WPMC also moves to dismiss plaintiff's claims against it

---

[7] In its motion to strike plaintiff's brief, WPMC argues that "Plaintiff's original Brief in Opposition was filed late and was opposed by WPMC, *inter alia*, on that basis." Dkt. No. 43 at ECF p. 4; see also Dkt No. 20 at ECF p. 2-3 (arguing that WPMC's motion to dismiss should be "granted with prejudice as uncontested" because plaintiff's brief in opposition to the motion was untimely). Plaintiff filed her original response within 14 days of the June 5, 2017 filing of WPMC's motion, as is required under Rule 7.1 of the Local Rules of Civil Procedure. See Dkt. No. 16 (filed June 19, 2017). However, her original opposition brief was filed one day late. See Dkt. No. 18 (filed June 20, 2017).

Although the Court will not here consider plaintiff's "new brief," it declines to grant WPMC's motion as uncontested and will consider her previously filed opposition brief. In deciding to consider plaintiff's previously filed brief, the Court notes the Supreme Court's instruction that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988).

[8] The Court will grant WPMC's motion to renew its reply, Dkt. No. 44. Because the renewed reply makes no new arguments, citations to the motion herein are made to docket number 20, where the reply was originally filed.

pursuant to Rule 12(b)(4), which permits a motion to dismiss for "insufficiency of process." Fed. R. Civ. P. 12(b)(4). A Rule 12(b)(4) motion challenges the adequacy of the contents of the documents served. See Target Glob. Logistics Servs., Co. v. KVG, LLC, No. 15-04960, 2015 WL 8014752, at *5 (E.D. Pa. Dec. 3, 2015) ("This 'fairly rare' defense "concerns the form of the process rather than the manner or method of its service."), citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

The fundamental purpose of service is to ensure that a defendant receives notice of the suit and has a fair opportunity to present its objections . . . ." Bank of Am., Nat'l Ass'n v. Martin, No. 12-544, 2013 WL 5128840, at *5 (M.D. Pa. Sep. 12, 2013), citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." TRW, Inc. v. Derbyshire, 157 F.R.D. 59, 60 (D. Col. 1994). There is no question that WPMC has received notice of this lawsuit. The question is whether plaintiff should be permitted to proceed with her claims against WPMC given what the Court knows about her efforts to serve it.

"[N]otice underpins Federal Rule of Civil Procedure 4 concerning service," but the Court of Appeals has held that "notice cannot by itself validate an otherwise defective service." Grand Entm't Grp., LTD. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").[9] As the

---

[9] Plaintiff has not shown that she asked WPMC to waive service of process.

Court of Appeals has explained,

> [i]t is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment. . . . A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.

Lampe v. Xouth, Inc., 952 F.2d 697, 700–01 (3d Cir. 1991).

WPMC argues that the Court lacks personal jurisdiction over plaintiff's claims against it because it has not been properly served with adequate process. For this reason, WPMC also asserts Rule 12(b)(2) of the Federal Rules of Civil Procedure as a basis for its motion to dismiss.[10] As is set forth below, the Court agrees with WPMC that, to date, plaintiff's efforts at service on WPMC have not been sufficient to meet the formal requirements for service under Rule 4 of the Federal Rules of Civil Procedure. But this does not end the Court's analysis of WPMC's motion to dismiss.

The Court's analysis begins with plaintiff's efforts to serve WPMC prior to removal – and thus begins with the Pennsylvania Rules of Civil Procedure. Citing Rule 401(a)(b)(1) of the Pennsylvania Rules, WPMC argues that "[p]laintiff's Amended Complaint was "dead" as of January 16, 2017." Dkt. No. 15 at ECF p. 8, ¶ 37. Rule 401(a) provides that "[o]riginal process shall be served <u>within the Commonwealth</u> within <u>thirty</u> days after the issuance of the writ or the filing of the complaint." Pa. R. Civ. P. 401(a) (emphasis added).

There is no dispute that plaintiff did not serve WPMC within the Commonwealth within

---

[10] When a defendant files a motion to dismiss pursuant to Rule 12(b)(2), plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendant. See Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007). Absent an evidentiary hearing, plaintiff need only establish "a prima facie case of personal jurisdiction" and is entitled to have all factual disputes drawn in her favor and her allegations taken as true. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

thirty days of first filing her complaint.  Instead, consistent with Rule 401(b)(1) of the Pennsylvania Rules, on November 4, 2016, plaintiff filed a praecipe to reinstate her complaint. See Pa. R. Civ. P. 401(b)(1) (providing that if a plaintiff fails to make service of a complaint within the Commonwealth within thirty days, "the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by . . . reinstating the complaint"). Less than thirty days later, plaintiff made an unsuccessful attempt to serve WPMC within the Commonwealth at 1500 Windermere Road in West Chester, Pennsylvania.  Dkt. No. 15-2 at ECF p. 2.  Plaintiff then filed a second praecipe to reinstate her complaint on November 28, 2016 and an amended complaint on December 15, 2017.  Id.  WPMC was not served within the Commonwealth within thirty days of either of these events.  Also, plaintiff never asked the Court of Common Pleas to reinstate her amended complaint.  WPMC thus argues that "Plaintiff's Amended Complaint was dead as of January 16, 2017."  Dkt. No. 15 at ECF p. 8.

WPMC's motion, however, does not explicitly address whether Rule 404 of the Pennsylvania Rules of Civil Procedure might also apply to plaintiff's claims against it.  Rule 404 provides for service of original process "outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof" Pa. R. Civ. P. No. 404 (emphasis added).  WPMC appears to suggest that the ninety day time limit for service in Rule 404 should not apply to plaintiff's claims against it, noting in a footnote that,

> [w]hile WPMC is a foreign defendant incorporated in the state of Delaware and with its principal place of business in Boston, MA, its registered agent was and still is CT Corporation . . . . and WPMC . . . could have been timely served via CT Corporation in Harrisburg, Dauphin County, Pennsylvania.

Dkt. No. 15 at ECF p. 8 n.3 (emphasis added).  But WPMC cites no authority to support the

proposition that plaintiff was required to serve WPMC through its registered agent within the Commonwealth (and thus within thirty days of reinstatement). Rather, Rule 424 of the Pennsylvania Rules of Civil Procedure provides that

> [s]ervice of original process upon a corporation or similar entity shall be made by handing a copy to <u>any of</u> the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity, <u>or</u> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, <u>or</u> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424 (emphasis added). The language of Rule 424 does not mandate service on an authorized agent located within the Commonwealth. Instead, under Rule 424, service on an authorized agent is just one of three options for proper service of process upon a corporation. Rule 424 would also allow plaintiff to serve WPMC with original process "by handing a copy to . . . an executive officer, partner or trustee of the corporation . . . or . . . the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation." Id. Either of these methods of service might have permitted plaintiff to serve WPMC – which is, by its own admission, a "foreign defendant" – outside of the Commonwealth (such as at the corporation's principal place of business in Boston, Massachusetts), rendering Rule 404's ninety day time limit for service the appropriate benchmark for determining whether plaintiff's claims against WPMC remained valid when the other defendants removed this action on February 1, 2017. Ninety days from December 15, 2016 was March 15, 2017, well after the date of removal. Under the circumstances, the Court declines to find that plaintiff's amended complaint was "dead" before the matter was removed to federal court.

Next, the Court must consider whether plaintiff ever perfected service on WPMC

following removal.  28 U.S.C. § 1448 provides that,

> [i]n all cases removed from any State court to any district court of the United States in which one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in district court.

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure states that a party may serve a corporation "in the manner prescribed by Rule 4(e)(1)," which includes "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ."  Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).  Rule 4(h)(1)(B) also provides for service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one so authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).

WPMC argues that, after removal, plaintiff failed to perfect service on it because she "failed to serve WPMC with a proper summons issued by this Court pursuant to Federal Rule of Civil Procedure 4 . . . ."  Dkt. No. 15-1 at ECF p. 12.  Plaintiff contends that she perfected service on WPMC after removal by serving "the Defendant via certified mail . . . within 90 days of this matter being removed to Federal Court."  Dkt. No. 18 at ECF p. 9.

Plaintiff argues that "[u]nder Pennsylvania Rule 403, service by mail is permissible, provided the form of mail used must require a receipt signed by the defendant or his authorized agent."  Id. at ECP p. 9.  She contends that she complied with Pennsylvania Rule 403, citing the return receipt for her April 12, 2017 letter to WPMC enclosing the Amended Complaint and Notice of Removal documentation, that was "signed by an individual at WPMC's primary

-12-

business office address in Boston, MA" on April 17, 2017  Id., citing id. at ECF p. 16-21 (plaintiff's "Exhibit C").  Plaintiff contends that "an agent of WPMC signed for the mailing," and argues that WPMC "has not attempted to claim that the individual who signed for the mail was either somehow not an agent or employee of [WPMC] . . . ."  Dkt. No. 18 at ECF p. 9.  WPMC responds that "[p]laintiff fails to state or show by affidavit or otherwise that the 'person' served at WPMC had authority to accept service of process."  Dkt. No. 20.

The Court agrees with WPMC that plaintiff has not met her burden to show that her second attempt at service on WPMC was sufficient.  Because the identity of the person who signed the return receipt for plaintiff's April 12, 2017 correspondence is unclear, see Dkt. No. 18 at ECF p. 21, plaintiff has not shown that she, in fact, served her amended complaint on an authorized agent of WPMC.[11]  The Court does not, however, agree with WPMC that this requires dismissal of plaintiff's claims against it based on insufficiency of service of process.

WPMC argues that dismissal of plaintiff's claims is required because "[t]he Pennsylvania Supreme Court has held that '[t]he rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.'"  Dkt. No. 15-1 at ECF p. 8, quoting Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc., 221 A.2d 185 (Pa. 1966) (further citations omitted); see also Dkt. No. 30 at ECF p. 11 (arguing that Sharp bars consideration of plaintiff's request for an extension of time to serve WPMC).  But in a decision issued long after the 1966 decision cited by WPMC, the Pennsylvania Supreme Court has "clarified the contours of a plaintiff's obligation to serve a defendant."  Washington v. Peavy, No. 05-6386, 2006 WL 1117857, at *3 (E.D. Pa. Apr. 25,

---

[11] Plaintiff's service of the second amended complaint on counsel for WPMC by "regular U.S. Mail," Dkt. No. 13-1 at ECF p. 11, is also insufficient to meet the requirements for service set forth in Rule 4 of the Federal Rules of Civil Procedure.

2006), citing McCreesh v. City of Phila., 888 A.2d 664, 674 (Pa. 2005). In McCreesh, the Supreme Court of Pennsylvania explained that cases "requiring strict compliance" – such as the case cited by WPMC – "hearken back to . . . draconian procedures and replace a factual good faith inquiry with an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith." 888 A.2d at 674. Rejecting this approach, the Pennsylvania Supreme Court "embrace[d] the logic of" a line of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." Id. The Court held that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice." Id.

This view of the rules governing service also prevails in the federal courts in this Circuit. Where "service may be technically improper, but actual notice is nonetheless accomplished, a district court has broad discretion in deciding whether to dismiss the complaint or to quash service." Bank of Am., Nat'l Ass'n v. Martin, No. 12-544, 2013 WL 5128840, at *5 (M.D. Pa. Sep. 12, 2013) (citations omitted); see Stout St. Funding LLC v. Johnson, 873 F. Supp. 2d 632, 647 (E.D. Pa. 2012) ("Although a party may not ignore the rules, when 'there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process.'") quoting Stranahan Gear Co. v. NL Indus., Inc., 800 F.2d 53, 56 (3d Cir. 1986); cf. Foman v. Davis, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.") (citation and internal quotations omitted). Thus, in Petrucelli v. Bohringer and Ratzinger, the

Court of Appeals construed Rule 4(m) of the Federal Rules of Civil Procedure "to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." 46 F.3d 1298, 1305 (3d Cir. 1995). Citing Petrucelli, Plaintiff has moved for "additional time to re-serve the Pleadings on WPMC" (even though she does not admit that she has not properly served WPMC). Dkt. No. 29 at ECF p. 5, see also Dkt. No. 40 at ECF p. 5-6.[12]

When determining whether good cause exists for a plaintiff's failure to effectuate timely service, the Court may consider such factors as "(1) reasonableness of plaintiff's efforts to serve[,] (2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (citation omitted). The "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir.1997), quoting MCI Telecomms., 71 F.3d at 1097. "[A]bsence of prejudice alone can never constitute good cause to excuse late service." MCI Telecomms., 71 F.3d at 1097. Likewise, neither "half-hearted attempts by counsel to effectuate

---

[12] Before the Court required defendants to file an amended notice of removal, plaintiff filed a motion seeking to extend the time available to re-serve WPMC, Dkt. No. 29, to which WPMC filed an opposition, Dkt. No. 30, and plaintiff filed a reply. Dkt. No. 31. Plaintiff has now filed a second motion seeking to extend the time for service, Dkt. No. 40, WPMC has filed a response in opposition, Dkt. No. 46, and plaintiff has again filed a reply. Dkt. No. 47.

In the latest round of briefing regarding plaintiff's request for an extension of time for service on WPMC, WPMC argues that plaintiff's motion is in violation of Rule 11 of the Federal Rules of Civil Procedure. Dkt. No. 46 at ECF p. 4-5. WPMC contends that plaintiff's filings "are improper attempts by plaintiff to circumvent a ruling on WPMC's Motion to Dismiss" and argues that they "are improper, harassing, are made in an attempt to cause unnecessary delay and to needlessly increase the cost of litigation for WPMC." Id. at ECF p. 5.

Sanctions under Rule 11 are warranted "only in the 'exceptional circumstance where a . . . motion is patently unmeritorious or frivolous.'" Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277. 289 (3d Cir. 1991), cert. denied, 502 U.S. 939 (1991), quoting Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). Such exceptional circumstances are not present here.

service, nor inadvertence of counsel constitutes good cause for failure to timely serve." Plumbers Local Union No. 690 Health Plan. v. Apotex, Corp., No. 16-665, 2017 WL 2242859, at *4 (E.D. Pa. May 23, 2017) (internal quotations omitted), citing Petrucelli, 46 F.3d at 1298.

Even if good cause does not exist for a plaintiff's failure to effectuate timely service, the Court should consider whether to grant a discretionary exception of time.

> Factors for the Court to consider when deciding whether to grant a discretionary extension of time include (1) actual notice of the action; (2) prejudice to the defendant; (3) statute of limitations; (4) conduct of the defendant; (5) whether the plaintiff is represented by counsel; and (6) any other relevant factor.

Plumbers Local Union No. 690 Health Plan., 2017 WL 2242859, at *2.

Plaintiff has argued that additional time to serve WPMC is warranted because "the same defense attorney represents all defendants. They have had notice of this Complaint since it was initially filed in State Court in Chester County, Pennsylvania." Dkt. No. 29[13] at ECF p. 5-6. She argues that she has shown good cause for any failure to serve WPMC because she "made reasonable attempts to confirm which defendants defense counsel did represent, and was inquiring as to whether defense counsel would be accepting service for WPMC . . . ." Id. at ECF p. 6. She argues that the question of service "is a form over substance issue, which has caused absolutely no prejudice to WPMC," noting that WPMC "has already filed motions and responses to motions in this case." Id. at ECF p. 7-9. WPMC responds that plaintiff has not shown that she made a good faith effort to effect service. See Dkt. No. 30 at ECF p. 16; see also Dkt. No. 46 at ECF p. 13. It argues that plaintiff's failure to serve WPMC was the result of "mistake and neglect." Dkt. No. 30 at ECF p. 16; see also Dkt. No. 46 at ECF p. 16. WPMC also argues that plaintiff's request for an extension would be "unduly and manifestly prejudicial to" it. Id.

---

[13] The Court cites to plaintiff's original motion at docket number 29 because she makes no new arguments in her request for an extension of time to serve WPMC.

Given the circumstances surrounding plaintiff's efforts to serve WPMC, including her failed attempt to serve WPMC at 1500 Windermere Road, West Chester, Pennsylvania and the subsequent communications between counsel for the parties regarding the status of service in this matter, the Court is "compelled to conclude that Plaintiff did not intentionally employ dilatory tactics to stall this case." Washington, 2006 WL 1117857, at *4. Nor does the Court find there is a reason to believe that WPMC has been prejudiced in this matter.[14] Under the circumstances of this case, the Court finds that a discretionary extension of time is warranted.

It follows that the Court will deny WPMC's motion to dismiss without prejudice and will grant plaintiff's motion seeking to extend the time for service.[15] Because notice is not a substitute for service, plaintiff will be required to make proper service on WPMC within fourteen days in order to proceed with her claims against it.

---

[14] Indeed, the Court finds that it is likely that WPMC had notice of this action prior to removal either by virtue of its relationship with defense counsel or by virtue of its relationships with the other defendants. C.f. Lockwood v. City of Phila., 205 F.R.D. 448, 452 (E.D. Pa. 2002) (explaining that, for purposes of determining whether relation back is available to preserve claims that might otherwise be time-barred under Rule 15 of the Federal Rules of Civil Procedure, "two types of constructive notice . . . could support . . . an inference of notice: (1) the 'shared attorney' method, where the newly named defendants and an originally named party are represented by the same counsel, . . . ; and (2) the 'identity of interest' method, where the newly named defendants enjoy some relationship with an originally named defendant strong enough to permit an inference that notice to one effectively provides notice to the others") citing Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 196-200 (3d Cir. 2001). That being said, defense counsel was not obligated to accept service on behalf of WPMC. "The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." Plumbers Local Union No. 690 Health Plan. v. Apotex, Corp., No. 16-665, 2017 WL 2242859, at *4 (E.D. Pa. May 23, 2017), quoting United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997).

[15] Although WPMC has yet to be properly served, granting its motion to dismiss "would only add unnecessary steps to the litigation" and "the Federal Rules of Civil Procedure generally favor the prompt resolution of disputes on the merits . . . ." Perez v. Napolitano, No. 10-348, 2011 WL 149889, at *3 (D.N.J. Jan. 18, 2011); see also Fed. R. Civ. P. 1 (dictating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding")..

**II.     Praecipe to Issue a Summons**

Finally, on July 17, 2017, plaintiff filed a praecipe to issue a summons for service on WPMC, Dkt. No. 26, and the Court issued a summons that day. On July 27, 2017, WPMC filed a motion to strike plaintiff's praecipe to issue a summons, Dkt. No. 27, which plaintiff opposed. Dkt. No. 28. The Court dismissed WPMC' s motion to strike without prejudice to renewal on the existing papers on September 27, 2017. Dkt. No. 32. WPMC filed a motion seeking to renew its motion to strike the praecipe to issue a summons on October 5, 2017. Dkt. No. 37. Plaintiff has filed a renewed opposition to WPMC's motion to strike her praecipe to issue a summons and a brief in support thereof. Dkt. Nos. 38, 39. The Court will grant WPMC's motion seeking to renew its motion to strike, but will deny the motion itself. In the motion, WPMC argues that a summons cannot be properly issued because the Court lacks jurisdiction over WPMC. Dkt. No. 27 at ECF p. 2; see also Dkt. No. 37-3 at ECF p. 3. For the reasons set forth above, the Court disagrees.

An appropriate Order follows.

       /s/ Gerald Austin McHugh
United States District Judge